1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

CIVIL CASE NO.  07cv2355 J
CRIM CASE NO.   96cr1262 J

12

Plaintiff/Respondent,

**ORDER DENYING PETITION
FOR WRIT OF HABEAS
CORPUS**

13

v.

14

MARIA CONCHITA HERNANDEZ,

15

Defendant/Petitioner.

16

On December 14, 2007, Petitioner Maria Conchita Hernandez ("Petitioner"), a

17 federal prisoner proceeding *pro se*, filed a Motion to vacate, set aside, or correct her

18 sentence pursuant to 28 U.S. § 2255. [Doc. No. 88.]  After consideration of the Petitioner's

19 Motion, Respondent's Response and Opposition, and the all the supporting documents

20 submitted, this Court **DENIES** the motion to vacate, set aside, or correct the sentence.

21

### *Factual Background*

22

On or around May 24, 1996, Petitioner and her common-law-husband, Socorro J.

23 Cabrera-Borja, drove a 1989 Nissan Sentra from Santa Ana, California to Tijuana, Mexico

24 to pick up a 1988 GMC van. [Doc. No. 14.]  Upon their arrival, Petitioner's husband

25 entered the 1988 GMC van, which contained approximately 39.05 pounds of amphetamine,

26 15.05 pounds of marijuana and 5.52 pounds of heroin. [*Id.*]  Afterwards, Petitioner

27 Hernandez drove the 1989 Nissan Sentra back to the United States in advance of the 1988

28 GMC van. [*Id.*]  Meanwhile, Petitioner's husband drove the 1988 GMC van containing the

drugs into the United States at which point they were detained by border patrol officers. [*Id.*]

### Procedural Background

On August 28, 1996, an eight count superceding indictment was filed charging Petitioner with Conspiracy to Import Amphetamine, Marijuana, and Heroin, in violation of 21 U.S.C. §§ 952, 960, and 963; Aiding and Abetting Importation of Amphetamine, Marijuana, and Heroin (3 separate counts), in violation of 21 U.S.C. §§ 952 and 960, and 18 U.S.C. §2; Conspiracy to Possess Amphetamine, Marijuana, and Heroin, in violation of 21 U.S.C. §§ 846, and 841(a)(1)960; and Aiding and Abetting Possession of Amphetamine, Marijuana, and Heroin (3 separate counts), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The statement of overt acts in the indictment included specific drug quantities: 39.05 lbs of amphetamine, 15.05 lbs of marijuana, and 5.52 lbs of heroin.

Petitioner's common-law husband and co-defendant, Socorro J. Cabrera-Borja, pled guilty on December 2, 1996.  He was sentenced to 151 months in custody on March 17, 1997.

Petitioner waived her right to a jury trial. [Doc. No. 40.]  Following a bench trial, Petitioner was convicted of all eight counts in the superceding indictment on December 4, 1996.  On March 24, 2007, this Court sentenced Petitioner to 151 months for Counts 1, 2, 4, 5, 6, and 8, all to run concurrently, in addition to 60 months concurrent for Counts 3 and 7. [Doc. No. 60.]  At that time, the Court advised Petitioner of her right to appeal "within ten court days of the sentencing date." [Doc. No. 91.]  Petitioner filed an appeal on August 12, 1998 (doc. no. 63) which the 9th Circuit denied as untimely on September 11, 1998 [Doc. No. 74].

Petitioner then filed this present motion on Dec 14, 2007 [doc. no. 88] contesting her conviction on the following four grounds: (1) Ineffective Assistance of Counsel, (2) Violation of Right to Appeal, (3) Violation of Plea Agreement, and (4) Violation of Constitutional Rights.

### Legal Standard

07cv2355/96cr1262

**28 U.S.C. § 2255- Federal Habeas Corpus Petition**

**I.       General Standard**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "A prisoner in custody under sentence of a court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  The AEDPA applies only to habeas petitions that were filed after its effective date (April 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Motions to contest the legality of a sentence must generally be filed under section 2255 in the court in which the petitioner was sentenced.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (2000).  "Section 2255 is available to prisoners claiming the right to be released from custody."  *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).

**II.      Evidentiary Hearing**

A district court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  In order for the petitioner to qualify for an evidentiary hearing, he must make "specific factual allegations which, if true, would entitle him to relief."  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  "[N]o hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'"  *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted).  An evidentiary hearing is unnecessary when the court has sufficient facts before it to fully and fairly rule on the merits of claims.  *Blackledge v. Allison*, 431 U.S. 63, 74-81 (1977); *see McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

**III.     Pro Se Litigants**

Pro se litigants' pleadings are generally treated with greater leniency due to a lack of formal legal education.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  Nevertheless, a pro se litigant must provide the petitioner(s) with notice of whatever the

petitioner allegedly did wrong.  *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Civil rights claims are also construed liberally.  *See Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985) (*en banc*) (holding that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").  However, a liberal interpretation cannot supply essential elements of the claim that were not initially pled.  *Ivey v. Bd. of Regents of Univ. of Ala*, 673 F.2d 266, 268 (9th Cir. 1982).

### *Discussion*

**A. Petitioner's § 2255 motion is time barred**

*1. AEDPA's Statute of Limitations*

AEDPA applies to Petitioner's petition because she filed her habeas petition on December 14, 2007, after AEDPA's enactment date of April 24, 1996.  AEDPA imposes a one-year statute of limitations which begins to run from the latest of four possible dates:

(1) the judgment of conviction becomes final; or

(2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; or

(3) when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f); *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004)

*See* 28 U.S.C. §§ 2255 ¶6 (1)-(4).

For most cases, the statute of limitations begins "on the date on which the judgment becomes final."  *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting 28 U.S.C. § 2255).  The conviction becomes final, triggering the start of the statute of

- 4 -

limitations, under the following circumstances:

> (1) If the movant pursues a direct appeal to the Court of Appeals and then files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the United States Supreme Court finally denies the writ or issues a decision on the merits. *See Schwartz*, 274 F.3d at 1223

> (2) If the movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition elapses. *See Clay*, 123 S. Ct. at 1079; *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

> (3) If the movant does not pursue a direct appeal to the Court of Appeals, the conviction      becomes final ten days after the entry of the district court's judgment or order. *See Schwartz*, 274 F.3d at 1223 & n.1 (citing Fed. R. App. P. 4).

Petitioner filed the present petition contesting her conviction on December 14, 2007, more than ten years after judgment was entered against her on March 24, 1997. None of the other alternative "start" dates for the statute of limitations provided under section 2255 are applicable. Petitioner has not alleged that the Government, in violation of the Constitution or laws of the United States, unlawfully prevented Petitioner from filing her motion. Additionally, Petitioner does not contend that any rights she now asserts are newly recognized by the Supreme Court and made retroactively applicable to her case on collateral review. Finally, all facts supporting Petitioner's claims were already apparent or could have been discovered through the exercise of due diligence at the close of her trial.

Therefore, the statue of limitations began to run once Petitioner's judgment of conviction became final.[1]  Petitioner failed to file any kind of direct appeal within ten days

---

[1] "[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2)." *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

following the Court's sentence.[2]  Thus, the judgment became final on or around April 3, 1997.[3]  The statute of limitations expired one year later on April 3, 1998.  Even expanding the time frame in favor of the Petitioner to include the ten days Petitioner had to file a notice of appeal and the time between her delivery of the petition to prison officials for mailing and its actual filing, the one year limitation period for filing a §2255 motion has passed. [4]

### 2. Equitable Tolling of the Statute of Limitations

Petitioner explains that she was "never aware that she can file a § 2255 petition to present all her grounds to the court" and that "she was deprived of her Constitutional Rights for not knowing the law of the United States and a one year period of limitations has pass [sic]."  [Doc. No. 88.]  The Court construes this as an argument that the time line imposed by the statute of limitations should be equitably tolled.  Whether or not equitable tolling applies to 28 U.S.C. § 2255 motions is an open question.  *See United States v. Schwartz*, 274 F.3d 1220, 1224 n.4 (9th Cir. 2001).  However, assuming that it does apply to the present petition, equitable tolling is permitted only in limited situations.  Courts "will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that equitable tolling may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure

---

[2] The Court explicitly told Petitioner during her sentencing hearing, "I would advise you that if you desire to appeal the judgment of the court in this matter, you have to file that notice of appeal within ten days of today's date." [Doc. No. 91 at 29.]

[3] Petitioner filed an appeal with the court on August 12, 1998 which the 9th Circuit denied as untimely on November 13, 1998. [Doc. No. 74.]  Even using this latter date as to when the judgment became final for statute of limitations purposes, Petitioner's petition would still be barred.

[4] Under the prison "mail box" rule of *Houston v. Lack*, 487 U.S. 266 (1988), a habeas petition is deemed filed at the time the prisoner delivers it to prison authorities for mailing to the clerk of the court.

07cv2355/96cr1262

to file a timely claim.")  Furthermore, the district court is in the best position to determine whether a petitioner has shown extraordinary circumstances exist because the district court can readily develop the facts and assess their legal significance.  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

Here, Petitioner has not offered any explanation constituting an extraordinary circumstance that may warrant equitable tolling of the statute of limitations.  As stated earlier, Petitioner argues that she was unaware of her right to file either a direct appeal or a motion under §2255.  [Doc. No. 88.] Yet, ignorance of the law including the time limits imposed by AEDPA does not entitle Petitioner to equitably toll the statute of limitations. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")  Petitioner's lack of knowledge of the procedural time limits imposed should not undermine Congress' intent to ensure the finality of court judgments.

Petitioner has not shown what circumstances, if any, were beyond her control preventing her from filing her §2255 motion within the one-year statue of limitations. Although Petitioner cites her lack of understanding of the United States criminal system and poor comprehension of the English language [doc. no. 88.], neither absolutely prevented her from filing her motion. Petitioner's lack of legal knowledge or English language fluency are difficult obstacles no doubt, but they are not extraordinary circumstances entirely beyond her control.  She has not claimed, for instance, that she was deprived of access to relevant legal research materials or repeatedly denied writing materials with which to draft her petition.  *See Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (holding that Petitioner's claim of an inadequate prison law library lacking AEDPA statutes and case law, if true, would justify equitable tolling of the statute of limitations because it constitutes an extraordinary circumstance beyond the petitioner's control.) Additionally, Petitioner's difficulties are hardly extraordinary as many incarcerated prisoners must overcome the same language and education barriers.

In addition to her lack of knowledge, Petitioner claims that her counsel was ineffective and told her "there was nothing else to do" as a possible excuse for her failure to

1  file timely.  [Doc. No. 88.]  This too, however, does not constitute extraordinary

2  circumstances that would justify equitable tolling of the statute of limitations.  Normally,

3  ineffective assistance of counsel does not sufficiently constitute an extraordinary

4  circumstance.  *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that

5  Counsel's miscalculation of the statute of limitations and general negligence did not

6  constitute extraordinary circumstances sufficient to warrant equitable tolling.)  In addition,

7  the 9th Circuit, in its denial of Petitioner's direct appeal, specifically alerted Petitioner that

8  her claim would be more appropriately addressed in a collateral attack under 28 U.S.C. §

9  2255. [Doc. No. 74.][5]  Even after the court's warning, Petitioner waited years later until

10  2007 to file her post-conviction petition to raise her claim of ineffective assistance of

11  counsel. [Doc. No. 88.]

12       Because Petitioner has not shown extraordinary circumstances prevented her from

13  filing her habeas petition on time, she is not entitled to equitable tolling and therefore her

14  petition is barred by AEDPA's statute of limitations.

15  **B.    Petitioner is not entitled to an evidentiary hearing**

16       In the present case, no evidentiary hearing is merited because Petitioner's petition

17  rests on legal arguments that do not require resolution of any factual disputes.  In order for

18  Petitioner to qualify for an evidentiary hearing, she must "make specific factual allegations

19  which, if true, would entitle [her] to relief."  *Bauman v. United States*, 692 F.2d 565, 571

20  (9th Cir. 1982).  Petitioner has not made any new factual allegations or provided new

21  factual evidence to contest her conviction.  She has not, for instance, claimed that she did

22  not actually transport illegal drugs into the United States.  Even so, putting aside the factual

23  merits of Petitioner's claims, the record is still sufficiently developed and factually

24  uncontested for the Court to make its ruling regarding the applicability of the statute of

25

26       [5] A petitioner challenging the effectiveness of his or her defense counsel in a federal criminal

27  trial should do so by collaterally attacking the conviction under 28 U.S.C. § 2255 because the

28  resolution of ineffective assistance of counsel claims ordinarily require the development of facts

    outside the original record. *United States v. Miskinis*, 966 F.2d 1263, 1269 (9th Cir. 1992).

1   limitations.

2                              *Conclusion*

3          For the reasons set forth above, the Court **DENIES** the Petitioner's motion for Writ

4   of Habeas Corpus pursuant to 28 U.S.C. § 2255.

5          **IT IS SO ORDERED.**

6

7

8   DATED:  May 1, 2009

9                                    _____

10                                   HON. NAPOLEON A. JONES, JR.
                                     United States District Judge
11  cc: All Parties of Record

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28